JOSEPH P. RUSSONIELLO (CA Bar No. 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEVEN J. SALTIEL (CSBN 202292)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6996
    FAX: (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID P. ADAM, et al., | No. C 98-2094 CW (EDL) |
|     Plaintiffs, | **DECLARATION OF STEVEN J. SALTIEL IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| KEN SALAZAR, Secretary, U.S. DEPARTMENT OF THE INTERIOR, | Date: June 25, 2009<br>Time: 2:00 p.m.<br>Hon. Claudia Wilken |
|     Defendant. | |

Pursuant to Civil L.R. 7-5 and 28 U.S.C. § 1746, I, Steven J. Saltiel, declare as follows:

1. I am employed as an Assistant United States Attorney for the Northern District of California and have been assigned to represent Defendant in the above-referenced action. As such, I have personal knowledge of the following facts and could testify regarding these facts if called to do so. I submit this declaration in support of Defendant's motion, pursuant to Fed. R. Civ. P. 60(b), for relief from the Amended Judgment, entered April 3, 2009, to the extent that it awards pre-judgment and post-judgment interest to Plaintiffs James Calzia and Chester Wrucke.

2. On June 22, 2004, after a three-week bench trial, this Court found in favor of Plaintiffs Calzia and Wrucke on their disparate treatment age discrimination claims, and in favor of Defendant on the remaining 15 plaintiffs' claims.

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT
No. C 98-2094 CW (EDL)

3. On September 30, 2004, this Court issued a Judgment awarding back pay to Plaintiffs Calzia and Wrucke "plus the pre-judgment interest accrued between August 6, 2004, and the date of this order, [and] post-judgment interest as provided by 18 U.S.C. § 1961," and dismissing the action as to the remaining fifteen plaintiffs. A true and correct copy of the September 30, 2004 Judgment is annexed hereto as Exhibit 1.

4. On November 30, 2004, Plaintiffs filed a notice of appeal from the judgment. Defendant cross-appealed solely on the issue of the calculation of back pay awarded to Plaintiffs Calzia and Wrucke.

5. On September 9, 2008, the United States Court of Appeals for the Ninth Circuit affirmed the judgment, with the exception of the calculation of Plaintiff Calzia's back pay, and remanded to this Court for the sole purpose of correcting the amount awarded to Calzia. A true and correct copy of the Ninth Circuit's September 9, 2008 Memorandum is annexed hereto as Exhibit 2.

6. On April 3, 2009, this Court issued an Amended Judgment correcting the sum awarded to Plaintiff Calzia. The Amended Judgment also awarded Plaintiffs Calzia and Wrucke "pre-judgment interest accrued between August 6, 2004, and September 30, 1994, [and] post-judgment interest as provided by 18 U.S.C. § 1961."[1] A true and correct copy of the April 3, 2009 Amended Judgment is annexed hereto as Exhibit 3.

7. On April 14, 2009, after obtaining social security numbers for Plaintiffs Calzia and Wrucke from the Department of Interior, I submitted the Amended Judgment to the United States Department of Treasury, Financial Management Service, Judgment Fund Branch (the "Judgment Fund"), together with a request for checks payable to Calzia and Wrucke. Sometime thereafter, an employee from the Judgment Fund advised that the Judgment Fund was only authorized to pay interest where there was a clear statutory waiver of sovereign immunity, and that there was no such waiver for the payment of interest for federal a employee's claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a ("ADEA"). Before

---

[1] The date "September 30, 1994" and the citation to "18 U.S.C. § 1961" both appear to be typographical errors. The correct date should be September 30, **2004**, the date of the original judgment. The post-judgment interest statute is **28** U.S.C. § 1961.

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT
No. C 98-2094 CW (EDL)                2

submitting a request to the Judgment Fund for payment to Plaintiffs Calzia and Wrucke, I had never considered whether Congress has waived sovereign immunity for interest on back pay under the ADEA.

8. On April 30, 2009, I wrote to Plaintiffs' counsel, proposing that the parties stipulate to a corrected judgment removing the award of interest. A true and correct copy of my April 30, 2009 letter to counsel is annexed hereto as Exhibit 4. On May 7, 2009, Plaintiffs' counsel wrote back rejecting my proposal. A true and correct copy of counsels' May 7, 2009 letter is annexed hereto as Exhibit 5.

9. On May 8, 2009, I requested that the Judgment Fund issue checks in the amount of the principal sums, without interest, awarded to Plaintiffs Calzia ($170,522) and Wrucke ($169,714). I was advised that the checks would be issued within two to four weeks.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed under the laws of the United States on this 13th day of May 2009, in San Francisco, California.

/s/
STEVEN J. SALTIEL