IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID P. ADAM, et. al.,

        Plaintiffs,

  v.

Ken Salazar, Secretary of the United States Department of the Interior,

        Defendant.
                                /

No. C 98-2094 CW

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

On June 22, 2004, after a three-week bench trial, the Court found in favor of Plaintiffs James P. Calzia and Chester T. Wruckle on their disparate treatment age discrimination claims and in favor of Defendant on Plaintiffs' remaining fifteen claims. The Court awarded back pay in the amount of $171,522 to Calzia and $169,714 to Wruckle. The Court also awarded "the pre-judgment interest accrued between August 6, 2004, and the date of this order, [and] post-judgment interest as provided by 18 U.S.C. § 1961."[1] Plaintiffs appealed the judgment and Defendant cross-appealed on the sole issue of the calculation of back pay awarded to

---

[1] The citation to 18 U.S.C. § 1961 was a typographical error. The post-judgment interest statute is 28 U.S.C. § 1961.

Plaintiffs.

On September 9, 2008, the Ninth Circuit affirmed the judgment, but remanded to the Court to recalculate the amount awarded to Calzia. The Ninth Circuit noted a possible mathematical error in the judgment, which increased Calzia's award from $170,522 to $171,522. On April 3, 2009, the Court issued an amended judgment correcting the sum awarded to Calzia to $170,522 and awarding amounts for pre- and post-judgment interest.

Defendant now moves for an order to relieve him from complying with the portions of the amended judgment that require payment of pre- and post-judgment interest. Defendant argues that Congress has not expressly consented to allow liability for interest in ADEA cases. Therefore, Defendant is immune from liability.

A waiver of sovereign immunity "must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996). "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." Library of Congress v. Shaw, 478 U.S. 310, 314 (1986). Congress expressly waived sovereign immunity, allowing civil actions to be brought by federal employees, in 29 U.S.C. § 633a(c), "Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." However, that provision does not unequivocally waive the government's immunity from interest.

Plaintiffs argue that, because the ADEA is patterned after Title VII, which contains an express waiver of sovereign immunity allowing for the payment of interest, such a waiver should be read into the ADEA. Plaintiffs rely on the recent Supreme Court case, Gomez-Perez v. Potter, 128 S. Ct. 1931 (2008). The Court noted, "The ADEA federal-sector provision was patterned 'directly after' Title VII's federal-sector discrimination ban," id. at 1940, and it held that the statutory phrase "discrimination based on age" in 29 U.S.C. § 633a(a) includes retaliations claims. Id. at 1936. Although the ADEA does not include a specific provision prohibiting retaliation, the Court held that the general prohibition against discrimination covered retaliation. Id. Gomez-Perez did not address the remedies available to federal employees under the ADEA or whether Congress waived sovereign immunity from liability for interest.

Plaintiffs also argue that the Back Pay Act provides such a waiver. See 5 U.S.C. § 5596(b)(2). The Back Pay Act pertains to awards resulting from appeals and administrative determinations of unjustified or unwarranted personnel actions, such as awards made by the Merit Systems Protection Board. The Act does not expressly waive immunity for interest on back pay under the ADEA.

For these reasons, the Court concludes that Congress has not waived sovereign immunity from liability for interest under the ADEA. The Court declines to entertain Plaintiffs' request to sanction Defendant for bringing this motion. The request does not comply with Civil L.R. 7-8 and it is meritless.

3

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for relief from judgment (Docket No. 429). The amended judgment (Docket No. 428) is void to the extent that it awards pre- and post-judgment interest to Plaintiffs Calzia and Wruckle.

IT IS SO ORDERED.

Dated:__7/20/09_____          _____
                                         CLAUDIA WILKEN
                                         United States District Judge