| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612) |
|   | United States Attorney |
| 2 | |
|   | JOANN M. SWANSON (CSBN 88143) |
| 3 | Chief, Civil Division |
| 4 | STEVEN J. SALTIEL (CSBN 202292) |
|   | Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055 |
|   | San Francisco, California 94102 |
|   | Telephone: (415) 436-6996 |
| 7 | FAX: (415) 436-6748 |
| 8 | Attorneys for Defendant |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| DAVID P. ADAM, et al., | ) | No. C 98-2094 CW (EDL) |
| Plaintiffs, | ) | 9TH Circuit Docket No. 09-17091 |
| v. | ) | STIPULATION AND AGREEMENT FOR PAYMENT OF ATTORNEYS FEES AND COSTS; [~~PROPOSED~~] ORDER |
| KEN SALAZAR, Secretary, U.S. DEPARTMENT OF THE INTERIOR, | ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that Plaintiffs' remaining claim for attorneys fees and costs in this action be settled and compromised on the following terms:

WHEREAS, Plaintiffs filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

WHEREAS, on April 4, 2009, the district court entered an amended judgment awarding back pay to Plaintiffs James P. Calzia and Chester T. Wrucke "plus the pre-judgment interest accrued between August 6, 2004, and the date of this order, [and] post-judgment interest as provided by 18 U.S.C. § 1961," and dismissing the action as to the remaining fifteen plaintiffs;

STIPULATION AND AGREEMENT FOR PAYMENT OF ATTORNEYS FEES AND COSTS
No. C 98-2094 CW (EDL)

1  WHEREAS, on May 14, 2009, Defendant filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the amended judgment to the extent that it awarded appellants pre- and post-judgment interest;

2  WHEREAS, on July 20, 2009, the district court granted appellee's motion for relief from the amended judgment;

3  WHEREAS, Plaintiffs appealed the district court's July 20, 2009 order to the U.S. Court of Appeals for the Ninth Circuit, and on March 1, 2011, the Court of Appeals reversed the district Court's July 20, 2009 Order;

4  WHEREAS, on March 15, 2011, Plaintiffs Calzia and Wrucke filed an application for attorney's fees and costs with the Court of Appeals in connection with the litigation over whether they were entitled to interest under the ADEA;

5  WHEREAS, on May 23, 2011, the Court of Appeals taxed costs in favor of Plaintiffs in the amount of $139;

6  WHEREAS, on November 14, 2011, Defendants tendered a check payable to Plaintiff Calzia in the amount of $20,507.35, representing the interest due pursuant to the amended judgment;

7  WHEREAS, on November 14, 2011, Defendants tendered a check payable to Plaintiff Wrucke in the amount of $20,410.18, representing the interest due pursuant to the amended judgment;

8  WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims for attorneys fees and costs that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all Plaintiffs' remaining claims for attorney's fees and costs in connection with the above-captioned action, defendant shall pay Plaintiff a total sum of forty four thousand twenty-four dollars and sixteen cents ($44,024.16)

1  ("Settlement Amount"). There shall be no withholding from this amount. Plaintiffs and their
2  attorney understand that this payment will be reported to the Internal Revenue Service ("IRS"),
3  and that any questions as to the tax liability, if any, as a result of this payment is a matter solely
4  between Plaintiffs, their attorney and the IRS. The check will be made payable to Mary
5  Dryovage, Esq, and will be mailed to Plaintiff's attorney. Plaintiffs and their attorney have been
6  informed that payment of the Settlement Amount may take sixty (60) days or more from the date
7  that the Court "so orders" this Agreement to process.

8  2. **Release**. In consideration of the payment of the Settlement Amount and the other terms
9  set forth in this Stipulation and Agreement, Plaintiffs and their attorney hereby release and
10 forever discharge Defendant, the U.S. Department of Interior, and any and all of their past and
11 present officials, agents, employees, attorneys, insurers, their successors and assigns, from any
12 and all obligations, damages, liabilities, actions, causes of actions, claims and demands for
13 attorneys fees and costs in connection with the above-captioned action.

14 3. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and
15 complete defense to any subsequent action or other proceeding involving any person or party
16 which arises out of the claims released and discharged by the Agreement.

17 4. **No Admission of Liability**. This is a compromise settlement of a disputed claim and
18 demand, which settlement does not constitute an admission of liability or fault on the part of the
19 Defendant, the U.S. Department of Interior, or any of their past and present officials, agents,
20 employees, attorneys, or insurers on account of the events described in Plaintiffs' complaints in
21 these actions.

22 5. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect
23 to the implementation of the terms of this Agreement, Plaintiffs shall not seek to rescind the
24 Agreement and pursue their original causes of action. Plaintiffs' sole remedy in such a dispute is
25 an action to enforce the Agreement in the United States District Court for the Northern District of
26 California.

27 6. **Construction**. Each party hereby stipulates that it has been represented by and has relied
28 upon independent counsel in the negotiations for the preparation of this Agreement, that it has

STIPULATION AND AGREEMENT FOR PAYMENT OF ATTORNEYS FEES AND COSTS
No. C 98-2094 CW (EDL)                          3

had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

7. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

8. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

9. **Authority**. The signatories to this Agreement have actual authority to bind the parties.

DATED: November 30, 2011

Law Offices of Mary Dryovage

_____
Mary Dryovage
Attorney for Plaintiffs

DATED: ~~November~~ December 22, 2011

MELINDA HAAG
United States Attorney

_____
STEVEN J. SALTIEL
Assistant United States Attorney

STIPULATION AND AGREEMENT FOR PAYMENT OF ATTORNEYS FEES AND COSTS
No. C 98-2094 CW (EDL)    4

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 12/23/2011

_____
HON. CLAUDIA WILKEN
United States District Judge